COBB, Judge.
The appellant Parker was convicted of aggravated assault and criminal mischief for striking an occupied motor vehicle with a cane. Parker attempted to defend by offering evidence that he was striking at the vehicle, a truck driven by one Terry Meyers, in order to prevent it from hitting him, since Meyers allegedly had tried to “run him down” on other occasions. At trial, however, the trial court held that Parker could not cross-examine Meyers, or testify himself, about any prior act of Meyers because the defense had not given the state “Williams Rule Notice” pursuant to section 90.404(2)(b)l, Florida Statutes (1987).[1] As conceded by the state, this exclusionary ruling was error since the statutory notice requirement cited above applies only to the state in a criminal action, not to the defendant. The issue on appeal, then, is whether the trial court’s exclusion of the defense evidence constitutes “harmless error” under State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Based upon the record in this case, we cannot say that the state has met its burden:
to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.
DiGuilio at 1138; see Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
REVERSED AND REMANDED FOR NEW TRIAL.
W. SHARP and GOSHORN, JJ., concur.

. Section 90.404(2)(b)l provides:
When the state in a criminal action intends to offer evidence of other criminal offenses under paragraph (a), no fewer than ten days before trial, the state shall furnish to the accused a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information. No notice is required for evidence of offenses used for impeachment or on rebuttal, (emphasis added).